GRABER, Circuit Judge,
dissenting:
I respectfully dissent.
The district court clearly erred. The relevant forum-selection clause sets forth the “location for any legal proceedings” associated with disputes arising from the agreement. The clause provides that “[t]he location for any legal proceedings shall be Fairfax County, Virginia, USA.” (Emphasis added.) That wording unambiguously reflects the parties’ agreement that venue is mandatory for any action filed by a plaintiff against Octagon and that the proper venue is in Fairfax County, Virginia.
The forum-selection clause can be considered ambiguous, but it is not ambiguous in the way that the district court described. The only ambiguity pertains to the proper Virginia forum — state or federal — in which a dispute arising from the agreement may take place. The fact that no federal courthouse is physically located in Fairfax County does not compel a conclusion that the parties’ venue clause excludes federal courts. See Simonoff v. Expedia, Inc., 643 F.3d 1202, 1206 (9th Cir.2011) (noting that federal “judicial districts are in fact defined by counties”). But, resolving that ambiguity against the drafter, see Doe I v. AOL LLC, 552 F.3d 1077, 1082 n. 10 (9th Cir.2009) (per cu-riam), the absence of a federal courthouse within the geographic boundaries of Fair-fax County, Virginia, precludes proper venue in any federal court. Venue is proper only in Virginia state court, and the district court erred by failing to dismiss the action entirely. See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir.1986) (permitting a district court to dismiss an action sua sponte for improper venue).
Weighing the Bauman factors, I would conclude that relief is justified. First, the majority overstates our precedent. Mandamus relief sometimes is warranted if a party will suffer severe prejudice because of the inevitable delay and increased costs that result from being forced to undergo an unnecessary trial, a consequence that cannot be corrected by a later appeal. Wash. Pub. Utils. Grp. v. U.S. Dist. Court, 843 F.2d 319, 325 (9th Cir.1988). Second, mandamus would seem especially appropriate when the federal court should not be exercising jurisdiction over the litigation at all. Cf. Special Invs. Inc. v. Aero Air Inc., 360 F.3d 989 (9th Cir.2004) (granting mandamus relief when the district court made an erroneous jurisdictional decision).
For these reasons, I respectfully dissent.